UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOUANN DUCHEMIN,<br><br>          Plaintiff,<br><br>v.<br><br>LEIDOS, INC., DOES 1-50, inclusive,<br><br>          Defendant. | Case No.: 18-cv-00012-GPC-MDD<br><br>**ORDER GRANTING MOTION FOR LEAVE FOR PLAINTIFF TO FILE FIRST AMENDED COMPLAINT [DKT. NO. 9]** |

  On April 20, 2018, Plaintiff Louann Duchemin filed a Motion for Leave to file a First Amended Complaint ("FAC"). Dkt. No. 9. Defendant Leidos, Inc. filed a response in opposition on May 7, 2018. Dkt. No. 11.

  Plaintiff filed her Complaint on December 4, 2017 in state court. Defendant filed their Answer to the operative Complaint on January 4, 2018, and moved at that time to remove the proceedings to the Southern District of California. Dkt. No. 1. On April 2, 2018, Plaintiff propounded discovery requests onto Defendant. Bacon Decl. ¶ 5. During discovery, Plaintiff discovered additional issues arising from Defendant's actions over the course of her employment regarding wrongful termination, harassment, discrimination, and retaliation. Bacon Decl. ¶ 6. Defendant declined to stipulate to allow Plaintiff to file a proposed first amended complaint. Bacon Decl. ¶¶ 8-12.

1

Pursuant to Civil Local Rule 7.1(d)(1), the Court finds the matter suitable for adjudication without oral argument. Having considered the moving papers, the Court **GRANTS** Plaintiff's Motion to File a First Amended Complaint.

## I. LEGAL STANDARD — LEAVE TO AMEND

Federal Rule of Civil Procedure 15(a) provides that leave to amend should be freely granted "when justice so requires." *See Foman v. Davis*, 371 U.S. 178, 182 (1962) (Rule 15(a)'s mandate "is to be heeded."); *AmerisourceBergen Corp. v. Dialysist West, Inc*, 465 F.3d 946, 951 (9th Cir. 2006) ("Rule 15(a) is very liberal and leave to amend shall be freely given when justice so requires") (internal quotations omitted).

In assessing whether leave to amend is proper, courts consider "the presence or absence of undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party and futility of the proposed amendment." *United States ex rel. Lee v. SmithKline Beecham, Inc.*, 245 F.3d 1048, 1052 (9th Cir. 2001). These factors, however, are not given equal weight. *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir.1995). "Futility of amendment can, by itself, justify the denial of a motion for leave to amend." *Id.* The consideration of prejudice to the opposing party carries the greatest weight. *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003). Absent prejudice, or a strong showing under the remaining *Foman* factors, there exists a presumption under Rule 15(a) in favor of granting leave to amend.

## II. DISCUSSION

Here, there is no evidence of delay, prejudice, bad faith, and plaintiff has not sought previous amendments. Accordingly, whether to grant leave to amend turns on whether the amendments would be futile.

Here, Defendant challenges leave to amend solely on the basis of the futility of the

amendments, arguing that they do not meet the plausibility standard established in *Twombly* and *Iqbal*. Defendant challenges Plaintiff's sex discrimination claim asserting that she has not yet provided sufficient allegations that her termination was due to sex discrimination—referring to a single allegation in the proposed FAC. Dkt. No. 11 at 8. Second, Defendant asserts that plaintiff has not adequately alleged a protected activity for her whistleblower claim under California Labor Code § 1102.5, arguing that speaking to a representative from HR about a disagreement with a coworker does not constitute a sufficient disclosure of illegal activities that violate state or federal law. *Id.* at 9. Third, Defendant argues that Plaintiff has not pled facts sufficient to state a claim for sexual harassment under the Fair Employment and Housing Act ("FEHA"). *Id.* at 10. Fourth, Defendant asserts that Plaintiff has not pled facts sufficient to state a claim for retaliation under FEHA. *Id.* at 12. Finally, Defendant challenges the 10th and 14th causes of action arguing that defendant has not pled adequate facts such that plaintiff resigned as a result of a hostile work environment and that she was wrongfully terminated in violation of California public policy. *Id.* at 12.

District courts have held that an amendment is futile "only if it would be clearly be subject to dismissal." *See SAES Getters S.P.A v. Aeronex, Inc.*, 219 F. Supp. 2d 1081 (S.D. Cal. 2002). *Accord UMG Recordings, Inc. v. Veoh Networks, Inc.*, No. CV075744AHMAJAX, 2008 WL 11342783, at *3 (C.D. Cal. Aug. 22, 2008). While courts determine the legal sufficiency of a proposed amendment using the same standard as applied on a Rule 12(b)(6) motion, such issues are "often more appropriately raised in a motion to dismiss rather than in an opposition to a motion for leave to amend." *SAES*, 219 F. Supp. 2d. at 1086.

The Court concludes that Plaintiff's amended claims would not "*clearly* be subject to dismissal." *See SAES*, 219 F. Supp 2d at 1086 (emphasis added). Thus, Defendant's challenges to Plaintiff's amended claims are "more appropriately raised in a motion to

3

18-cv-00012-GPC-MDD

dismiss rather than in an opposition to a motion for leave to amend." *See id.* Consequently, Defendant may bring a Rule 12(b)(6) motion or motion for summary judgment challenging these issues at the appropriate time. *See Gutterglove Inc. v. Lasell*, No. CV 17-1372 WBS CKD, 2018 WL 1920080, at *1 (E.D. Cal. Apr. 24, 2018) (granting leave to amend where futility issue would "be better resolved on a motion to dismiss or motion for summary judgment"); *UMG Recordings, Inc. v. Veoh Networks, Inc.*, No. CV075744AHMAJWX, 2008 WL 11342783, at *4 (C.D. Cal. Aug. 22, 2008) ("To test the validity of these claims in a more appropriate manner, the investor defendants may file a motion under Fed. R. Civ. P. 12(b)(6)"); *Stearns v. Select Comfort Retail Corp.*, 763 F. Supp. 2d 1128, 1154 (N.D. Cal. 2010); *In re Initial Pub. Offering Sec. Litig.*, 214 F.R.D. 117, 125 n.11 (S.D.N.Y. 2002) ("Where, as here, the alleged futility of the proposed amendments is really an argument that the amendments would not permit the complaint to survive a motion to dismiss, such argument would better be taken up on a motion to dismiss unless the amendments' futility is readily apparent.").

In light of the fact that Defendant would not be prejudiced, no unreasonable delay has been presented, no bad faith or dilatory motive exists, plaintiff has not repeatedly failed to cure deficiencies, and Defendant's futility arguments would be more appropriately presented on a motion to dismiss or motion for summary judgment, the Court will **GRANT** Plaintiff's motion for leave to amend.

## CONCLUSION

The Court will **GRANT** Plaintiff's Motion for Leave to File the First Amended Complaint.[1] Plaintiff should file the First Amended Complaint within **THREE** business days of the entry of this Order. Defendant may respond to this amended pleading within

---

[1] The Court observes that Plaintiff's proposed First Amended Complaint does not contain an Eighth or Ninth Cause of Action. Plaintiff may wish to re-number their causes of action when they file their First Amended Complaint.

4

21 days after service is completed.  The hearing currently set for June 22, 2018 is **VACATED**.

**IT IS SO ORDERED.**

Dated:  May 16, 2018

Hon. Gonzalo P. Curiel
United States District Judge